UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Anthony Lynn Couch, Sr.,<br><br>               Plaintiff,<br>    v.<br><br>Washington DOC, et al,<br><br>               Defendants. | Case No. 3:22-cv-05659-RSL-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 14, 2023 |

This matter is before the Court on three separate motions: defendant Stella Spracklin's motion to dismiss (Dkt. 24), defendants' Kimberly Ames, Michele Bourne, Patrick Henley, David Jacobson, Amber Roberts, Deanna Rodkey, William Swain, John Thompson, and Washington State Department of Corrections (collectively, "DOC defendants") motion to dismiss (Dkt. 22), and plaintiff's "motion to dismiss party" (Dkt. 33).

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends that the Court dismiss defendant Spracklin, by agreement of the parties. The Court should also dismiss defendant Washington State Department of Corrections as an improper defendant. The undersigned recommends that plaintiff be given the opportunity to amend his complaint as discussed further below.

REPORT AND RECOMMENDATION - 1

FACTUAL BACKGROUND

The facts as described are alleged in the complaint (Dkt. 6) and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

Plaintiff, who is currently confined at Washington State Penitentiary, filed his complaint on October 3, 2022. Dkt. 6. Plaintiff brings three counts related to his legal mail and access to the courts. *Id*. In these counts plaintiff alleges that defendants violated his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process by opening and reading his legal mail, failing to provide him with his legal mail, and failing to provide plaintiff with legal supplies and allow him time in the legal library. Dkt. 6 at 7-17.

Plaintiff describes and attaches grievances he filed; he requested his legal mail, asked for legal supplies and sought access to the law library. Dkt. 6. Plaintiff asserts that the failure to provide him his mail in a timely manner resulted in a default in a 1983 civil lawsuit because he was not able to address a summary judgment motion. Dkt. 6 at 8-9, 14, 15, 16. Plaintiff also claims that these actions impacted his criminal appeal and made him feel paranoid about writing to his appellate attorney. Dkt. 6 at 11, 15. Plaintiff names as defendants Washington State Department of Corrections ("DOC"), Office of the Corrections Ombuds employee Stella Spracklin, and DOC employees: Amber Roberts, Michele Bourne, William Swain, Rodkey, Ames, John Thompson, Jacobson, D. Decker, and Henely.

DISCUSSION

A. Legal Standard

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A complaint by a plaintiff who is unrepresented by counsel must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

B. Improper Defendants

1. Stella Spracklin

Defendant Spracklin filed a motion to dismiss on December 5, 2022, on the basis that she is not a DOC employee and did not personally participate in the violations alleged in the complaint. Dkt. 24 at 5-7. On March 17, 2023, plaintiff filed a "motion to dismiss defendant Stella Spracklin from plaintiffs complaint"; he withdrew defendant Spracklin from the complaint because he mistakenly thought she was a DOC employee. Dkt. 33 at 1. The Court therefore recommends the claims against defendant Spracklin be dismissed.

2. DOC

Plaintiff claims that DOC failed to train employees on proper policies which resulted in a deprivation of his Sixth, Fourteenth, and Eighth Amendment rights as

REPORT AND RECOMMENDATION - 3

related to the management of his legal mail. Dkt. 6 at 11. DOC is an agency of the State of Washington; the State is not a "person" and therefore is not a proper defendant. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989); *Hale v. Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the State of Arizona). Section 1983 applies to the actions of "persons" acting under the color of state law. *Will*, 491 U.S. at 65, 71.

Additionally, the Eleventh Amendment bars suit for damages in federal court against a state or an agency acting under state control – unless there is a clear and equivocal waiver by the State. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (per curiam). There is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, DOC, as an arm of the state, cannot be sued for damages under § 1983.

Regarding plaintiff's request for injunctive relief, construed liberally, plaintiff's claim against DOC implicates the doctrine of *Ex Parte Young*, 208 U.S. 123 (1908). *See, Edelman v. Jordan,* 415 U.S. 651, 677 (1974) ("[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . .and may not include a retroactive award which requires the payment of funds from the state treasury. . .." (internal citations omitted)). Here, plaintiff challenges DOC's policies, practices, and customs, and argues that DOC does not train all employees on the proper policies. Dkt. 6 at 11. Additionally, in his prayer for relief plaintiff requests policies regarding library access and the right to do legal work while in receiving. Dkt 6 at 17.

REPORT AND RECOMMENDATION - 4

The principles set forth in *Ex Parte Young* allow a plaintiff to seek prospective declaratory or injunctive relief against State officials, for claims brought against them in their official capacities. *See, Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (an official capacity lawsuit is not a suit against an individual defendant, it is "in all respects other than name, to be treated as a suit against the entity."); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n. 27 (9th Cir. 2002). Therefore, if plaintiff seeks to assert this claim, he must amend his complaint to identify a specific state official(s) acting in their official capacity, against whom he is seeking declaratory or injunctive relief. He must also assert facts that plausibly state a claim for relief against these officials in their official capacities – which federal rights were violated, and how any policies, customs, or practices of the entity were a "moving force" behind the deprivation of plaintiff's federal constitutional or statutory rights. *Kentucky v. Graham,* at 166; *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009).

C. <u>Legal Mail</u>

Plaintiff alleges multiple incidents involving his legal mail including – (1) an incident where defendant Jacobson opened and read the contents of an envelope marked legal mail in front of plaintiff and required plaintiff to visit the legal library in order to read the mail; (2) an incident where defendant Henley read an outgoing letter from plaintiff to his attorney, and (3) an incident where plaintiff did not receive his mail for multiple weeks and subsequently defaulted on a summary judgment motion that he was not aware of. Dkt. 6 at 7-17.

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may not review outgoing legal mail

for legal sufficiency before sending the mail to the court. See *Ex Parte Hull*, 312 U.S. 546, 549 (1941). But prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). If incoming mail is from the incarcerated person's attorney, it is considered legal mail; if it is from the courts, then the incoming mail is not considered legal mail. See, *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1996).

In their motion to dismiss, DOC defendants claim that plaintiff only challenged an impact on his civil claims, where plaintiff does not have a constitutional right to counsel. Dkt. 22 at 5. But the record shows plaintiff referenced multiple different matters in his complaint, and specifically in his first count plaintiff alleges that defendant Henley interfered with a piece of outgoing mail addressed to plaintiff's appellate attorney relating to his criminal appeal. Dkt. 6 at 9-10.

Plaintiff alleges that during this incident defendant Henley told plaintiff that he needed to read an outgoing letter to plaintiff's attorney, and questioned plaintiff about whether he was a sex offender. *Id*. Plaintiff additionally alleges that defendant Henley read his legal mail before logging it and sending it out. *Id*. at 14. The Ninth Circuit has held that while prison officials may inspect outgoing mail in the inmate's presence, prison officials may not read it. *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014). Therefore, as to plaintiff's claims that defendant Henley read his outgoing legal mail, plaintiff has plead sufficient facts to support a plausible Sixth Amendment claim for the purposes of a motion to dismiss.

REPORT AND RECOMMENDATION - 6

D. <u>Access to Court Claims</u>

Liberally construed, plaintiff's claims regarding DOC defendant's failure to timely deliver mail related to his civil legal claims, the limits on his time in the library, and his limited access to legal supplies, implicate his First Amendment right to access to the courts.

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with a plaintiff's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346, (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To establish a violation of the right of access to the courts, a prisoner must establish they suffered an actual injury, which has been defined as is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348, 349. (citation and internal quotation marks omitted); see also *Hebbe v. Piler*, 627 F.3d 338, 342-43 (9th Cir. 2010).

In their motion to dismiss, DOC defendants argue that plaintiff failed to state cognizable claims against defendants Ames, Bourne, Roberts, Rodkey, and Swain in his complaint. Dkt. 22 at 5-8. Plaintiff alleges he contacted the defendants in an attempt to request time in the library and legal supplies. Dkt. 6 at 12. Specifically, he claims that he requested to talk with defendant Ames but was denied, he then kited defendant Rodkey but was told not to kite her anymore, and he next grieved this through defendants Roberts and Borne. *Id*. at 12-13. Plaintiff did not mention any claims against defendant Swain in the body of the complaint.

Plaintiff asserts that his access to courts was limited because of a combination of policies and incidents – including that inmates were limited to accessing their legal mail

REPORT AND RECOMMENDATION - 7

only in the library, library access was limited to 30 minutes a day for a period of two months without computers, and defendants failed to provide E-Files until they were past due, which resulted in default judgment to be entered against him in an existing 1983 claim. Dkt. 6 at 13-15.

The Ninth Circuit has held that "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference with prisoner lawsuit), overruled on other grounds as recognized by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). *See also First Amend. Coal. of Arizona, Inc. v. Ryan*, 938 F.3d 1069, 1080 (9th Cir. 2020) (recognizing that the right of access to courts may be violated by "active interference with a prisoner's right to litigate, such as seizing and withholding the prisoner's legal files").

Plaintiff has not pled the necessary facts to support a plausible First and Fourteenth Amendment claim related to his right to litigate claims without active interference from prison officials; if he wishes to pursue this claim, he must allege facts explaining how he was denied access, he must identify the specific individuals and what their roles and responsibilities are within the prison system, what their specific acts or omissions were that allegedly denied him access, an actual injury, which has been defined as is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348, 349. (citation and internal quotation marks omitted); see also *Hebbe v. Piler*, 627 F.3d

REPORT AND RECOMMENDATION - 8

338, 342-43 (9th Cir. 2010); and causation – how this denial resulted in a deprivation of federal constitutional or statutory rights. *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009). Therefore, plaintiff should be given leave to amend this claim. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's claims against defendant Stella Spracklin and DOC should be dismissed without prejudice.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

The Court recommends that leave to amend should be granted on plaintiff's policy claims – if plaintiff has claims supported by facts – to assert those allegations against an official who acts for the State of Washington and is in a position that would be policy-making or allow the official to implement a policy, practice, or custom; that

official could only be sued in in their official capacity for such a claim; and the facts would need to meet the requirements for a lawsuit seeking prospective declaratory or injunctive relief concerning policy, practices, or customs under the authority of *Ex Parte Young*, 208 U.S. 123 (1908). *See, Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (an official capacity lawsuit is not a suit against an individual defendant, it is "in all respects other than name, to be treated as a suit against the entity.").

As to the remaining defendants who are named in their individual capacities, leave to amend should also be granted.

The Court recommends that the interests of justice require giving plaintiff leave to amend to correct, if possible, the deficiencies identified herein regarding plaintiff's First and Fourteenth Amendment claims for damages regarding access to courts.

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

REPORT AND RECOMMENDATION - 10

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **April 14, 2023** as noted in the caption.

Dated this 31st day of March, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11