UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY LYNN COUCH, Sr.,

                Plaintiff,

v.

WASHINGTON DOC et al.,

                Defendants.

Case No. 3:22-cv-05659-RSL-TLF

REPORT AND RECOMMENDATION

Noted for: April 26, 2024

This matter comes before the Court on defendants Kimberly Ames, Michele Bourne, Patrick Henley, David Jacobson, Amber Roberts, Deanna Rodkey, William J. Swain, and John Thompson's (collectively "defendants") motion for summary judgment. Dkt. 66. Plaintiff, who is representing himself and proceeding *in forma pauperis* ("IFP") has brought this 42 U.S.C. § 1983 action against defendants on counts related to his legal mail and access to the courts. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends the Court GRANT defendants' motion for summary judgment and DISMISS plaintiff's complaint without prejudice.

BACKGROUND

Plaintiff brings claims against defendants for alleged violations of his First, Sixth, Eighth, and Fourteenth Amendment rights arising out of alleged interferences with a civil

REPORT AND RECOMMENDATION - 1

case he was litigating in this Court and his criminal appeal. Dkt. 42, Amended Complaint. Plaintiff alleges that defendants opened and read his properly marked legal mail, restricted his access to his legal mail, kept him in ad-seg for weeks without access to mental health and chronic pain medications, failed to provide legal supplies, did not provide time for him to access the law library, and refused to address grievances. *Id*. at 6-23.

Defendants submitted evidence that Washington State Department of Corrections (DOC) has a grievance process that was available to plaintiff. Dkt. 69-1. The program provides that a person "offers access to a process that allows for meaningful communication and resolution of concerns to produce a fair and just conclusion." *Id*. at 4. The resolution program consists of four levels. *Id*. at 4-5, 15. At Level 0, the informal resolution stage, a Resolution Specialist determines whether the Resolution Request is acceptable and either sends it back for a rewrite, attempts to informally resolve the concern, or promotes it to Level 1. *Id.* at 5. Level 1 is the first formal review stage where the response is provided by the facility/office Resolution Program. *Id*. At Level 2 the response is provided by the Superintendent/Community Corrections Supervisor/Field Administrator/designee or Health Services Administrator for medical-related resolutions. *Id*. At Level 3 the response is provided by the appropriate Deputy Secretary/designee or Deputy Assistant Director of Health Services/designee. *Id*. It will be reviewed by a Headquarters Resolution Specialist. *Id*.

Defendants declare that all incarcerated individuals upon entry receive an orientation to the program. Dkt. 69 at 2. In addition, the policy and the manual are

available for review in the prison library and resolution request complaint forms are made available to all incarcerated individuals. *Id*.

## DISCUSSION

Summary judgment is supported "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Id.* at 255. Yet the Court is not allowed to weigh evidence or decide credibility. *Anderson,* 477 U.S. at 255. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of their pleading; their response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993). The Court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. Univ. of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

**A. 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff must show that each named defendant, through their own individual actions, violated plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Supervisory prison officials may be liable under § 1983 if they were 'personally involved in the constitutional deprivation or a sufficient causal connection exists between [their]

unlawful conduct and the constitutional violation.'" *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020) (quoting *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013)). "This causal connection can be established by 'knowingly refusing to terminate a series of acts by others, which the supervisor[s] knew or should have known would cause others to inflict a constitutional injury.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92-95 (2006). Plaintiffs must file an appeal and exhaust all administrative appeals; they must also do so in a timely manner. *Id.* at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants bear the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, (9th Cir. 2014) (en banc). If that showing is made, the burden shifts to plaintiff, who must either demonstrate they, in fact, exhausted administrative remedies

1 or they must "come forward with evidence showing that there is something in [their]
2 particular case that made the existing and generally available administrative remedies
3 effectively unavailable to [them]." *Id*. at 1172; *see also Ross v. Blake,* 578 U.S. 632, 644
4 (2016) (examples of unavailable remedies). "Exhaustion should be decided, if feasible,
5 before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170.

6   Defendants have submitted evidence establishing that the Department of
7 Corrections had a grievance process that was available to plaintiff, and that, at the time
8 of filing this lawsuit, plaintiff had failed to fully exhaust any of the ten grievances he filed
9 during the period at issue while he was detained at Washington Corrections Center.
10 Dkt. 66 at 6-9; Dkt. 69-1 at 30-71. Defendants have met their burden to establish
11 plaintiff's failure to exhaust administrative remedies.

12   The burden shifts to plaintiff, who must either prove that he exhausted his
13 available remedies or "show that there is something particular in his case that made the
14 existing and generally available administrative remedies effectively unavailable to him
15 by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged,
16 inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.
17 2015) (quoting *Albino*, 747 F.3d at 1172). A remedy can be deemed unavailable if, for
18 example, it "operates as a simple dead end," it is "so opaque that it becomes . . .
19 incapable of use," or if "prison administrators thwart inmates from taking advantage of a
20 grievance process." *Ross,* 578 U.S. at 633.

21   Plaintiff has neither produced any evidence relating to exhaustion of
22 administrative remedies, nor has he responded to defendants' motion. The Amended
23 Complaint alleges that although he used the resolution process to gain access to the
24
25

1  courts, "it was clear that plaintiff was being stonewalled throughout the process,"
2  specifically stating that "Ms. Bourne over and over closed resolutions that clearly had
3  merit. As seen in attached Discovery." Dkt. 42 at 19. Plaintiff also asserts that he was
4  threatened with infractions if he wrote any more resolutions. *Id*. at 21.
5      However, defendants argue in their motion that plaintiff's resolution requests
6  were closed because he did not respond to or appeal the responses he received. Dkt.
7  66 at 6-9. In the case of resolution request #22757053, defendants assert that his
8  request was not accepted because he had five open resolution requests, which is the
9  most permitted to be open at one time per DOC policy. Dkt. 66 at 8-9. Defendants
10 additionally argue that plaintiff did not file any grievances related to his claims against
11 defendants Swain, Ames, and Rodkey. *Id*. at 14.
12     Plaintiff does not provide any evidence to show that any of the individual
13 defendant's actions prevented him from exhausting his administrative remedies and
14 does not counter defendants' statements that his requests were closed due to his own
15 failure to respond or appeal them in accordance with DOC policy. *See Nunez v.*
16 *Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to timely exhaust
17 administrative remedies is excused when prisoner takes reasonable and appropriate
18 steps to exhaust but is precluded from exhausting through no fault of his own).
19     In short, the undisputed evidence demonstrates that plaintiff has failed to
20 properly exhaust his administrative remedies by submitting a grievance and timely
21 pursuing all available grievance appeals. *Woodford*, 548 U.S. at 92-95. The Court
22 therefore recommends that plaintiff's claims be dismissed without prejudice. *See Wyatt*
23 *v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the
24
25

prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

## CONCLUSION

Based on the foregoing discussion, because plaintiff has failed to exhaust his administrative remedies, the undersigned recommends the Court grant defendants' motion for summary judgment and dismiss plaintiff's claims, and that this case be closed.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **April 26, 2024**, as noted in the caption.

Dated this 9th day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge